# 97 DTA 136

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN - III

BANCO DE COMERCIO DE P.R.
Apelado

v.

MOTO EXPRESS DELIVERY SERVICES, Y OTROS
Apelantes
Núm. KLAN-96-00743

San Juan, Puerto Rico, a 23 de abril de 1997

Panel integrado por su Presidenta, Jueza Ramos Buonomo
y los Jueces González Román y Córdova Arone

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 24 de julio de 1996 Moto Express Delivery Services (en adelante *"Moto Express"*) presentó un escrito de apelación solicitando la revocación de la sentencia dictada el 13 de junio de 1996 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen el tribunal apelado declaró con lugar la demanda presentada por el Banco de Comercio de Puerto Rico (en adelante *"el Banco"*) reclamando los daños causados por el extravío de una valija de valores que Moto Express, por órdenes del Banco, transportaba a las oficinas centrales de éste ubicadas en Carolina, Puerto Rico.

En su recurso Moto Express no hace un señalamiento de errores convencional sino que en forma de discusión cuestiona las determinaciones de hechos número uno (1), cinco (5), siete (7) y ocho (8) contenidas en la sentencia apelada. La discusión se circunscribe a la adjudicación del por ciento de negligencia comparada asignada al Banco y según aduce Moto Express la apelación se limita a determinar la cuantía de daños atribuibles a ella, si alguno. ■ Dicho de otra forma, Moto Express solicita que se le exima totalmente de responsabilidad, ya que los daños sufridos son atribuibles a la negligencia del Banco al no microfilmar los documentos extraviados.

Por los fundamentos que exponemos más adelante, confirmamos la sentencia dictada por el tribunal por no haberse cometido los errores señalados.

# I

Los hechos pertinentes, según se desprenden de la sentencia apelada, son los que a continuación relatamos.

El Banco y el Sr. Lemuel Beauchamp, haciendo negocios como Moto Express, entraron en un acuerdo en el cual Moto Express le prestaba servicios de mensajería al Banco. Dicho servicio incluia la transportación de valijas oficiales del Banco desde las sucursales hasta las oficinas principales del Banco ubicadas en Carolina, Puerto Rico. Dicho servicio era pagado por el Banco a Moto Express.

A tenor con lo anterior, el 5 de junio de 1992 un empleado de Moto Express recogió una valija en la sucursal del Banco, sita en Puerto Nuevo, con el objetivo de transportarla hasta las oficinas de Carolina. La referida valija contenía distintos tipos de valores bancarios, entre ellos, cheques y hojas de depósitos. No incluia efectivo. Durante el viaje la valija fue extraviada por el mensajero de Moto Express sin que ésta pudiera ser recuperada. El Banco logró reconstruir gran parte de los documentos extraviados mediante comunicación con sus clientes. No obstante, debido a que la mayor parte de los documentos contenidos en la valija extraviada no fueron microfilmados antes de ser transportados, ya que la máquina de microfilmación de la sucursal de Puerto Nuevo no estaba funcionando, los documentos no pudieron ser reconstruidos en su totalidad. ■

Los valores extraviados totalizan la suma de $373,078.80, de los cuales el Banco posteriormente pudo recuperar la cantidad de $295,449.18 quedando un balance incobrable de $77,629.62. Dicho balance fue reclamado a la compañía aseguradora del Banco quien luego de aplicarle un deducible de $50,000.00 le pagó al Banco la cantidad de $27,629.62, quedando una pérdida de $50,000.00. Además, el Banco incurrió en gastos ascendentes a $4,134.97 en sus gestiones de reconstruir los valores extraviados.

El 12 de febrero de 1993, el Banco presentó la demanda de epígrafe reclamando a Moto Express los daños causados por el extravío de la referida valija. ■ Moto Express presentó su contestación el 12 de abril de 1993.

Luego de realizado el descubrimiento de prueba y celebrada la Conferencia con Antelación al Juicio, el Banco y Moto Express presentaron una Moción Conjunta Sometiendo Estipulación de Hechos, de Controversia y Memorando de Derecho el 26 de diciembre de 1995. La vista en su fondo fue celebrada el 10 de enero de 1996 y continuó el 19 de abril de 1996.

Finalmente el 13 de junio de 1996 el tribunal *a quo* dictó sentencia imponiendo a Moto Express el pago de la suma de $54,134.97, reducida en un veinticinco por ciento (25%) equivalente al grado de negligencia comparada atribuible al Banco por no haber microfilmado los documentos extraviados antes de entregarlos al mensajero de Moto Express.

El 2 de julio de 1990 Moto Express solicitó la reconsideración del referido dictamen a lo cual se opuso el Banco. El tribunal apelado no consideró la moción dentro del término dispuesto por ley [4] por lo cual Moto Express la entendió rechazada de plano y acudió ante nos oportunamente.

# II

A pesar de que como señaláramos Moto Express no hace un señalamiento específico de errores, del examen cuidadoso del recurso se desprende que lo que realmente alega es que el tribunal apelado incidió en tres aspectos. Primero, al no incluir en la adjudicación que existía entre las partes un contrato *cuasi* verbal en el cual el Banco se comprometía a no reclamarle a Moto Express el deducible que la póliza de seguro del Banco establece debido a que el costo del servicio que Moto Express le rinde no justifica tal contraprestación; segundo, al no concluir que el no haber microfilmado o fotocopiado los documentos fue lo que causó que éstos no pudieran ser pagados por la Camara de Compensación de Puerto Rico *("Clearing House")*; tercero, al concluir que el requisito de microfilmar los documentos de transacciones y/o valores es opcional ya que es una norma interna y que, por tanto, no exime de responsabilidad a Moto Express por la pérdida de los documentos que no pudieron ser reconstruidos más los gastos incurridos en la reconstrucción de los documentos que sí pudieron ser recuperados. No le asiste la razón. Veamos.

Moto Express aduce que entre ella y el Banco existía un contrato *cuasi* verbal en el cual el Banco se compromete a no reclamarle a Moto Express el deducible de su póliza de seguro, ascendente a $50,000.00, debido a que el costo del servicio rendido no justifica tal contraprestación. Sostiene, además, que lo anterior es un hecho estipulado e incontrovertido contenido en el inciso número cinco (5) de la Moción Conjunta Sometiendo Estipulación de hechos, de la Controversia y Memorando de Derecho. El referido inciso cinco (5) es parte del memorando de Moto Express y lee como sigue:

*"5.- Más aún, su cubierta de seguro tiene un deducible de $50,000.00, el cual debe considerarse como un riesgo conocido por el Banco, el cual no puede estar reclamándose a Moto Express, ya que dentro de la relación obligacional de Moto Express no existe una obligación de proveer un seguro que cubra un reclamo de tal naturaleza, ya que el precio pagado a Moto Express por el servicio no justifica tal contraprestación."* ■

Examinada la referida Moción Conjunta, es imposible concluir que ésta sea una estipulación y porque el Banco la haya firmado ha aceptado como cierto todo su contenido. Por otro lado, ni la Exposición Narrativa de la Prueba sometida a nuestra consideración ni la prueba presentada sostienen de forma alguna la existencia del alegado acuerdo *cuasi* verbal.

En el juicio en su fondo Moto Express tuvo su oportunidad de probar dicha alegación y ésta no le mereció credibilidad alguna al tribunal *a quo* por lo que éste concluyó que *"en ningún momento las partes pactaron que de existir algún tipo de pérdida ocasionada durante la transportación, el valor de la pérdida iba a estar limitado en forma alguna."* ■

Moto Express no ha demostrado que el tribunal *a quo* cometiera error manifiesto, o actuara con pasión, prejuicio o parcialidad, por lo cual no intervendremos con la apreciación de la prueba. *Méndez de Rodríguez v. Morales Molina,* ___ D.P.R. ___ (1996), **96 J.T.S. 149,** a la pág. 347; *Quiñones López v. Manzano Pozas,* ___ D.P.R. ___ (1996), **96 J.T.S. 95**, a la pág. 1305; *Orta v. Padilla Ayala,* ___ D.P.R. ___ (1995), **95 J.T.S. 21,** a la pág. 668.

Por lo cual, resolvemos que no se cometió el error alegado.

Por estar ambos errores dirigidos a la asignanción de grados de negligencia hecha por el tribunal *a quo* discutiremos en conjunto los errores dos y tres.

De un lado Moto Express señala que el tribunal apelado incidió al no concluir que la responsabilidad de que los documentos no pudieran ser cobrados recae sólo en el Banco por no haberlos microfilmado o fotocopiado para que así la Cámara de Compensación de Puerto Rico *("Clearing House")* pudiera pagarlos. No le asiste la razón.

Alega, además, que el tribunal apelado incurrió en error al concluir que el requisito de microfilmar los documentos de transacciones y/o valores es opcional, ya que es una norma interna no contenida en ley o reglamento alguno, local o federal. Tampoco le asiste la razón. Veamos.

De acuerdo con los testimonios de los peritos de ambas partes, con la presentación de las fotocopias de los cheques perdidos la Cámara de Compensación de Puerto Rico *("Clearing House")* los hubiera pagado al Banco. No obstante según surge de la sentencia apelada, la prueba pericial desfilada estableció que no existe ley o reglamento alguno, federal o local, que obligue a los bancos en Puerto Rico a microfilmar sus documentos previo a ser transportados de una sucursal a otra.

Tomando esto en consideración el tribunal *a quo* resolvió que aunque en Puerto Rico los bancos no están obligados a microfilmar sus documentos previo a ser transportados de una sucursal a otra *"la prueba desfilada demostró que el Banco fue imprudente en el manejo de dicha situación, ya que pudieron haber tratado de corregir el problema de la máquina de microfilmar previo a enviar los documentos, o como alternativa, fotocopiar los documentos que no se pudieron microfilmar. Esto, obviamente, hubiese reducido la pérdida; es por eso que el tribunal estima que el grado de negligencia comparada es de 25%."*■

No erró el Tribunal de Primera Instancia, ya que en Puerto Rico, la imprudencia concurrente del perjudicado no exime de responsabilidad bajo el Artículo 1802 del Código Civil, pero acarea la

reducción de la indemnización bajo la doctrina de negligencia comparada dispuesta en ese artículo. *Quiñones López v. Manzano Pozas, supra,* a la pág. 1313.

Moto Express no ha demostrado a este Tribunal la existencia de circunstancias que ameriten la modificación de las partidas concedidas como indemnización por el tribunal *a quo*. No ha demostrado que éstas sean claramente inadecuadas o improcedentes, o ridículamente bajas o exageradamente altas. Por el contrario, la sentencia apelada demuestra que el Tribunal de Primera Instancia quedó convencido de que aunque la reglamentación era de carácter interno el Banco sí fue negligente al no microfilmar o fotocopiar los documentos previo su transportación y que según la prueba desfilada le correspondía un veinticinco por ciento (25%) de negligencia. *Quiñones López v. Manzano Pozas, supra,* a la pág. 1315; *Cotto Morales v. Ríos,* ___ D.P.R. ___ (1996), **96 J.T.S. 56,** a las págs. 996-997. *Torres Solís v. Autoridad de Energía Eléctrica de Puerto Rico,* ___ D.P.R. ___ (1994), **94 J.T.S. 89,** a la pág. 12040.

Por los fundamentos expuestos resolvemos que no se cometieron los errores señalados.

### III
Por todo lo anterior, confirmamos la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 13 de junio de 1996, en el caso de epígrafe.

Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 97 DTA 136**

**1.** Véase el Escrito de Apelación, a la pág. 6.

**2.** El Banco, al igual que un gran número de bancos en Puerto Rico, incluye en su reglamentación interna operacional el requisito de que los documentos de transacciones y/o valores que se envían de una sucursal a otra sean microfilmados previo al envío.

**3.** La demanda fue enmendada el 18 de noviembre de 1993.

**4.** Véase Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47.

**5.** Véase la Moción Conjunta Sometiendo Estipulación de Hechos, de Controversia y Memorando de Derecho, Apéndice del Escrito de Apelación, a la pág. 21.

**6.** Véase el Apéndice del Escrito de Apelación, a la pág.5.

**7.** Véase el Apéndice del Escrito de Apelación, a la pág. 6.